**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CYNTHIA MYERS,<br><br>    Petitioner,<br><br>v.<br><br>SARAH DAVIS, et al.,<br><br>    Respondents. | Civil Action No. 20-261 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on Petitioner Cynthia Myers's Petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Following an order to answer, Respondents filed a response to the Petition (ECF No. 8), to which Petitioner replied. (ECF No. 11.) For the following reasons, this Court will deny the Petition, and will deny Petitioner a certificate of appealability.

I. **BACKGROUND**

In its opinion affirming the denial of Petitioner's second post-conviction relief (PCR) petition, the Superior Court of New Jersey – Appellate Division summarized the background of Petitioner's conviction as follows:

> On October 8, 2009, [Petitioner] and a co-defendant devised a plan to rob John Quann, Jr. They lured Quann from his home with the promise of sex and drove with him to Camden County, where in the early morning hours of October 9, 2009, the two repeatedly struck him in the head and face with a hammer, and strangled him with a scarf. After driving the injured Quann to a remote area of Atlantic

County, [Petitioner] and her co-defendant bound his hands behind his back, and tied a shoelace around his neck to strangle him. The two stole Quann's wallet and car, and fled, leaving their victim to die alone in the woods. Five days later, a hunter discovered Quann's lifeless body. After being apprehended with Quann's car, [Petitioner] and her co-defendant confessed to his murder.

An Atlantic County grand jury charged [Petitioner] with: first degree murder, . . . first degree kidnapping, . . . first degree robbery, . . . first degree felony murder while attempting to commit kidnapping, . . . first degree conspiracy to commit murder, . . . second degree conspiracy to commit robbery, . . . second degree conspiracy to commit aggravated assault, . . . second degree aggravated assault, . . . third degree assault with a deadly weapon, . . . and third degree possession of a weapon for an unlawful purpose[.]

On January 27, 2010, pursuant to a negotiated agreement, [Petitioner] entered a plea of guilty to first degree felony murder while attempting to commit robbery, and second degree conspiracy to commit robbery. In accordance with the plea agreement, the State dismissed the remaining charged and recommended a thirty-eight year term of imprisonment for felony murder, subject to an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act (NERA) . . . and a concurrent seven-year term for conspiracy to commit robbery.

At the plea hearing, [Petitioner] stated that she was satisfied with the agreement and with the representation provided by her counsel. She admitted on the record to participating in the robbery and murder of Quann. During the hearing, the court and counsel referred to the agreed upon period of parole ineligibility as thirty-two years and three months.

At the subsequent sentencing hearing, [Petitioner] interrupted her attorney while he was addressing the court and announced she wanted to withdraw her plea. Although [Petitioner] had previously submitted a letter to the court stating that she wished to withdraw her plea, she had not provided a copy of the letter to her counsel. [Petitioner]'s attorney informed the court that he was unaware of her intention to seek to withdrawal of her plea. The court granted counsel's request to permit [Petitioner] to argue a motion to withdraw her plea on her own behalf. [Petitioner] argued that the factual basis for her plea did not support a conviction for felony murder, but even if it did, the factual basis satisfied the elements for an affirmative defense to the crime. The court denied the motion and sentenced [Petitioner] in accordance with the plea agreement,

> imposing an aggregate thirty-eight year sentence with an eighty-five percent period of parole ineligibility, along with fines, penalties, and restitution.
>
> [Petitioner] appealed her sentence and the denial of her motion to withdraw her plea. [The Appellate Division] affirmed [Petitioner]'s sentence . . . and the denial of her motion[.] The Supreme Court denied [Petitioner]'s petition for certification[.]
>
> On March 21, 2012, [Petitioner] filed her first petition for PCR. She argued that she was denied effective assistance of counsel at trial because her attorney: (1) did not advocate on her behalf on her motion to withdraw her guilty plea; (2) had a conflict of interest arising from an ethics complaint [Petitioner] filed against him; (3) failed to file a motion to suppress her statements to police; (4) failed to request a restitution hearing to determine her ability to pay; and (5) failed to contact several alibi witnesses. The trial court denied [Petitioner]'s first PCR petition without an evidentiary hearing. [The Appellate Division] affirmed. . . . The [New Jersey] Supreme Court denied [Petitioner]'s petition for certification. . . .
>
> On June 7, 2015, [Petitioner] filed her second petition for PCR. She alleged that she was denied effective assistance of counsel on her first PCR petition because her counsel failed to argue that: (1) she had to argue her motion to withdraw her guilty plea on her own behalf; and (2) her trial counsel misinformed her as to the length of the parole ineligibility period to be recommended by the State in exchange for her guilty plea by advising her that the period [of ineligibility] was nineteen days shorter than it actually is.
>
> It appears that at the time of the plea agreement and sentencing, the parties and the court calculated the agreed upon parole ineligibility period based on the number of months in a thirty-eight year sentence, but misinterpreted the result of their calculation (38 years X 12 months = 456 months x .85 = 387.6 months ÷ 12 months = 32.3 years). The parties and court appeared to be under the impression that 32.3 years equated to thirty-two years and three months. However, 32.3 years equals thirty two years and 3.6 months because .3 years is 3.6 months, not three months . . . Six tenths of a month is nineteen days[.] The correct period of parole ineligibility imposed is thirty-two years, three months, and nineteen days.

(ECF No. 8-23 at 2-6.)

## II. **LEGAL STANDARD**

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846-47 (3d Cir. 2013). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta[,]" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 575 U.S. 312, 316 (2015). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id.* Where a petitioner challenges an allegedly erroneous factual determination of the state courts,

4

"a determination of a factual issue made by a State court shall be presumed to be correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. DISCUSSION

In the majority of her claims, Petitioner contends that she received ineffective assistance of counsel. The standard applicable to claims of ineffective assistance of counsel is well established:

> [c]laims of ineffective assistance are governed by the two-prong test set forth in the Supreme Court's opinion in *Strickland v. Washington*, 466 U.S. 668 (1984). To make out such a claim under *Strickland*, a petitioner must first show that "counsel's performance was deficient. This requires [the petitioner to show] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687; *see also United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). To succeed on an ineffective assistance claim, a petitioner must also show that counsel's allegedly deficient performance prejudiced his defense such that the petitioner was "deprive[d] of a fair trial . . . whose result is reliable." *Strickland*, 466 U.S. at 687; *Shedrick*, 493 F.3d at 299.
>
> In evaluating whether counsel was deficient, the "proper standard for attorney performance is that of 'reasonably effective assistance.'" *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005). A petitioner asserting ineffective assistance must therefore show that counsel's representation "fell below an objective standard of reasonableness" under the circumstances. *Id.* The reasonableness of counsel's representation must be determined based on the particular facts of a petitioner's case, viewed as of the time of the challenged conduct of counsel. *Id.* In scrutinizing counsel's performance, courts "must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.
>
> Even where a petitioner is able to show that counsel's representation was deficient, he must still affirmatively demonstrate that counsel's deficient performance prejudiced the petitioner's

5

> defense. *Id.* at 692-93. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. The petitioner must demonstrate that "there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Shedrick*, 493 F.3d at 299. Where a "petition contains no factual matter regarding *Strickland's* prejudice prong, and [only provides] . . . unadorned legal conclusion[s] . . . without supporting factual allegations," that petition is insufficient to warrant an evidentiary hearing, and the petitioner has not shown his entitlement to habeas relief. *See Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010). "Because failure to satisfy either prong defeats an ineffective assistance claim, and because it is preferable to avoid passing judgment on counsel's performance when possible, [*Strickland*, 466 U.S. at 697-98]," courts should address the prejudice prong first where it is dispositive of a petitioner's claims. *United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002).

*Judge v. United States*, 119 F. Supp. 3d 270, 280-81 (D.N.J. 2015).

In this matter, Petitioner's claims arise in relation to her acceptance of her guilty plea and her attempted withdrawal of that plea. In applying the *Strickland* standard to plea related claims, courts must be mindful that in addressing a guilty plea, counsel is required to provide a defendant with sufficient information that he can "make a reasonably informed decision whether to accept a plea offer," which generally requires that counsel discuss with him the facts of his case, the likelihood of conviction at trial, and his comparative sentencing exposure under a proposed plea in relation to a sentence following a conviction at trial. *United States v. Bui*, 795 F.3d 363, 366-67 (3d Cir. 2015) (quoting *Shotts v. Wetzel*, 724 F.3d 364, 376 (3d Cir. 2013); *see also Lafler*, 566 U.S. at 163; *Hill v. Lockart*, 474 U.S. 52, 57-58 (1985). An "erroneous sentencing prediciton by counsel[, however,] is not ineffective assistance of counsel where . . . an adequate plea hearing is conducted. " *Bui*, 795 F.3d at 367 (quoting *Shedrick*, 493 F.3d at 299). Even if a petitioner can show that plea counsel was deficient, he must still show prejudice by providing facts which indicate that "there is a reasonable probability that, but for counsel's unprofessional errors, the

6

result of the proceeding would have been different . . . [which i]n the context of pleas [requires] a [petitioner] show the outcome of the plea process would have been different with competent advice." *Lafler*, 566 U.S. at 163. Where a petitioner accepted a guilty plea in the underlying case, this will require that the petitioner show that, but for counsl's error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. *Lee v. United States*, --- U.S. ---, 137 S. Ct. 1958, 1965 (2017). Prejudiced may not be premised solely on a petitioner's changed mind, to show prejudice he must show that a decision to reject the offered plea would have been rational under the circumstnces. *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

In her first claim, Petitioner asserts that she received ineffective assistnace of first PCR counsel as PCR counsel did not argue that she was deprived of effective assistnace of trial counsel in relation to the slight miscalculation of her parole inegilibility period. Convicted defendants, however, have no federal right to counsel in PCR proceedings, and the "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief" in a habeas proceeding. *See* 28 U.S.C. § 2254(i). To the extent Petitioner's claim is premised on the failings of her PCR counsel, that claim serves as no basis to relief.

To the extent Petitioner is instead seeking to use ineffectiveness of PCR counsel as a gateway to the review of her claim that plea counsel failed her in miscalculating her parole ineligibility period, Petitioner fares no better. Petitioner essentially argues that she would not have pled guilty to an agreement containing a 38 year sentence had she been told that her period of parole ineligbility was nineteen days longer than she was told it would be. Petitioner does not contend that she was misinformed about the total length of her sentence, only her period of parole ineligibility. The Appellate Division rejected this argument as patently meritless as there is no reasonable probability that Petitioner's plea decision would have changed in light of a nineteeen

7

day discrepency in the date of her initial parole eligibility – thirty two years, three months, and nineteen days as opposed to the advised thirty two years and three months – and in any event Petitioner was properly aware of her actual maximum sentence of thirty-eight years. This conclusion was neither contrary to nor an unreasonable application of federal law. *See Lee*, 137 S. Ct. at 1965-68 (petitioner must show reasonable probability they would not have pled guilty); *Padilla*, 559 U.S. at 372 (decision to reject plea must be rational under the circumstances to show prejudice). Given the length of the overall ineligiblity term of which Petitioner was aware (thirty two years and three months) and the marginally longer period to which she is actually subject (which is nineteen days longer), there is no reasonable proability that Petitioner's decision would have changed solely on nineteen extra days of parole inelgibility. As the Appellate Division noted, there is no guarantee that even once that period is concluded that Petitioner would be paroled in light of the severity of her crimes, and Petitioner was clearly made aware of her actual maximum exposure. Under the circumstances, including the strong evidence of Petitioner's guilt including her own and her co-defendant's admissions of guilt, and the evidence of possession of the victim's car, as well as the potential life sentence Petitioner could have faced following a guilty verdict at trial, Petitioner has failed to show a reasonable probability that she would not have pled guilty had she been "properly"[1] informed of her parole ineligibility date. This claim thus provides no basis for relief even reconstrued as a claim of ineffective assistance of plea counsel.

Petitioner next contends she received ineffective assistnace of counsel when counsel asked the Court to let Petitioner argue her motion to withdraw her guilty plea when counsel stated that he was unaware of the nature or basis for the motion. The Appellate Division rejected this claim,

---

[1] The Court notes that Petitioner *was* informed of her proper parole ineligibility term – 32.3 years – but was also given a calculation of that period which slightly misstated the length of time. Petitioner thus did have all of the relevant information, she was just misapprised of how that term calculated into individual days.

8

finding that Petitioner had failed to set forth any basis for the withdrawl of her plea as she had failed to show, as required by state law, that she had a colorable claim of innocence. (*See* ECF No. 8-15 at 4.) The motion in question was thus clearly without merit under state law. As counsel cannot prove ineffective for declining to raise a meritless motion, and as counsel can hardly be expected to argue a motion on the spot the basis of which was not provided to him previously by his client, Petitioner has not shown that counsel proved ineffective in failing to argue her motion to withdaw her guilty plea. *See*, *Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000); *United States v. Aldea*, 450 F. App'x 151, 152 (3d Cir. 2011). The state court's handling of this claim was thus neither contrary to nor an unreasonable application of federal law and this claim provides no basis for habeas relief.[2]

In her final claim of ineffective assistnace, Petitioner argues that her trial counsel proved ineffective in failing to file a motion to suppress her statement to police on the grounds that she was intoxicated at the time of the statement. The PCR court rejected this claim as the record clearly indicated that Petitioner had been given proper *Miranda* warnings and had affirmatively waived them and thus the likelihood of success on such a motion was at best slim, and the Appellate Division likewise rejected the claim as, even had a *Miranda* suppression motion been successful, there was no reasonable probability of a different outcome as the evidence against Petitioner was substantial – including both physical evidence in the form of the victim's car, witnesses placing

---

[2] Petitioner also argues in her petition that being permitted to argue her motion amounted to being forced to proceed *pro se* in her defense without a proper hearing to determine that she was waiving her right to counsel. This argument, however, misstates the record. Counsel did not withdraw or cease representing Petitioner or her interests, nor did the Court require Petitioner to proceed without counsel, instead, in light of Petitioner's request, unanticipated by counsel, to withdraw her guilty plea and the late stage of proceedings, the trial court took a reasonable step to ensure Petitioner's argument was heard notwithstanding Petitioner's failure to bring the issue to counsel's attention previously and counsel's inability or unwillingness to argue for the motion. Petitioner has pointed to no federal law to which this decision was contrary, and this Court is aware of none. Petitioner has thus failed to show that she is entitled to habeas relief on this basis.

Petitioner and her co-defendant in the car and cleaning blood within it after the murder, and her co-defendant's own admissions of guilt which included the plan to rob the victim with Petitioner and Petitioner's involvement in the events leading to the victim's death – and Petitioner has provided no rational basis to suggest that she would have withdrawn her guilty plea had she been successful in her motion. These decisions were neither contrary to nor unreasonable applications of federal law. As the PCR court noted, the merits of Petitioner's motion were at best dubious in light of the record evidence which included her affirmative waiver of her *Miranda* rights and the limited evidence to support her claim of intoxication. Likewise, as noted by the Appellate Division, any suppression motion would have had at best limited effects upon the outcome of this matter as Petitioner has not shown that there is a reasonable probability that she would have rationally chosen to withdraw her plea had her statement been suppressed in light of the strong evidence of her guilt and the potential life plus sentence she could have received had she insisted on going to trial. *See Lee*, 137 S. Ct. at 1965-68; *Padilla*, 559 U.S. at 372. As the state court's rejection of Petitioner's claim was neither contrary to nor an unreasonable application of federal law, this claim provides no basis for habeas relief.

In her final claim, Petitioner contends that the trial court erred in failing to fully advise her of the elements of the crimes to which she pled guilty. The PCR court rejected this claim, finding it directly refuted by the transcript of Petitioner's plea hearing. A review of the plea hearing and surrounding documents confirms this fact. During her plea hearing, Petitioner confirmed that she understood the nature of her plea deal, that she understood the rights she was waiving in pleading guilty, and that she wished to plead guilty because she was in fact guilty. (*See* ECF No. 8-5 at ECF No. 1-10.) In providing a factual basis for her plea, Petitioner in turn confirmed that she had agreed with her co-defendant to rob the victim through a plan in which she would entice the victim while her co-defendant struck him and took his money, and that she committed felony murder

10

insomuch as Petitioner and her co-defendant "caused the death of" the victim "acting alone or together in the course of committing this robbery." (*Id.* at 10-11.) She also confirmed that she understood that she was liable for the murder of the victim because his death occurred in the course of the robbery she agreed to commit with her co-defendant. (*Id.* at 10-15.) It is thus abundantly clear from the record that Petitioner was aware of the elements of the crimes she committed – that she agreed to rob the victim with her co-defendant and took steps towards accomplishing that robbery and that she and her co-defendant caused the victims death in the course of the robbery and were thus guilty of felony murder – and that she pled guilty fully aware of those elements and the facts which fulfilled them. As the record clearly indicates that Petitioner knowingly and voluntarily entered her guilty plea, and that as part of that plea she was clearly aware of the elements of the crimes to which she pled guilty, the PCR court's rejection of her claim was neither contrary to nor an unreasonable application of federal law. *See Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (guilty plea not improper where it is clear from the record that the defendant voluntarily, knowingly, and intelligently waived his right to trial with an awareness of the nature of the charges against him; a judge need not explicitly set forth the elements of a crime in a plea hearing where the defendant discussed them with counsel prior to plea hearing or record clearly shows defendant was aware of them). Petitioner's final claim is thus clearly without merit and provides no basis for habeas relief.

## IV.  **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "[A petitioner] satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution

of his constitutional claims or that jurists could conclude [that] the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because Petitioner's habeas claims are all clearly without merit for the reasons set forth above, she has failed to make a substantial showing of a denial of a constitutional right, and her petition is not adequate to receive encouragement to proceed further. This Court therefore denies Petitioner a certificate of appealability.

## V.  CONCLUSION

In conclusion, Petitioner's habeas petition (ECF No. 1) is **DENIED**, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

Hon. Karen M. Williams,
United States District Judge