**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CYNTHIA MYERS,<br><br>         Petitioner,<br><br>         v.<br><br>SARAH DAVIS, et al.,<br><br>         Respondents. | Civil Action No. 20-261 (KMW)<br><br>**MEMORANDUM ORDER** |

**WILLIAMS**, District Judge:

This matter comes before the Court on Petitioner's application to proceed *in forma pauperis* on appeal in this habeas matter. (ECF No. 15.) By way of background, this Court denied Petitioner's habeas petition and denied her a certificate of appealability on September 2, 2022. (ECF Nos. 12-13.) On September 30, 2022, Petitioner filed a notice of appeal of that decision. (ECF No. 14.) Petitioner's notice did not include a list of the specific issues she intends to raise on appeal. (*Id.*) Petitioner thereafter filed her application to proceed *in forma pauperis* on appeal with this Court. (ECF No. 21.) Although that application contains a certification purporting to set forth Petitioner's indigence, that certification was not accompanied by a certified inmate account statement from the prison in which Petitioner is detained. (*Id.*)

Pursuant to Federal Rule of Appellate Procedure 24(a)(1), this Court may grant a petitioner *in forma pauperis* status on appeal only where the petitioner shows, in the detail required by Form 4 of the Appendix of Forms, that she is unable to pay or to give security for the fees and costs on appeals, and states the issues that she intends to present on appeal. Under Local Appellate Rule

24.1(c), however, in those cases where 28 U.S.C. § 1915(b) does not apply, such as in the habeas context, those prisoners seeking to appeal *in forma pauperis* must also file "an affidavit of poverty in the form prescribed by the Federal Rules of Appellate Procedure accompanied by a certified statement of the prison account statement(s) (or institutional equivalent) for the 6 month period preceding the filing of the notice of appeal." As Petitioner has neither provided the list of issues she wishes to raise on appeal, nor provided a certified six-month account statement, Petitioner has failed to comply with these rules, and her application must therefore be denied without prejudice.

**IT IS THEREFORE** on this 4ᵗʰ day of October, 2022,

**ORDERED** that the Clerk of the Court shall **RE-OPEN** this matter for the purpose of this Order only; and it is further

**ORDERED** that Petitioner's application seeking leave to proceed *in forma pauperis* on appeal (ECF No. 15) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall provide Petitioner with a blank copy of an Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis[1]; and it is further

**ORDERED** that Petitioner is given leave to file another application for leave to proceed *in forma pauperis* on appeal within thirty (30) days of the date of this order; and it is further

**ORDERED** that if Petitioner wishes to refile her application for leave to proceed *in forma pauperis* on appeal, she must do so by filing a new application accompanied by a statement of the issues she intends to raise on appeal, an affidavit setting forth her indigence in the required detail, and a certified six-month prison account statement from the facility in which she is detained; and it is finally

---

[1] *See* http://www2.ca3.uscourts.gov/legacyfiles/ifp_affidavit.pdf.

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on Petitioner by regular U.S. mail and shall **CLOSE** the file.

Hon. Karen M. Williams,
United States District Judge